UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHENG JIAN LIN, SHENG HUI LIN,CHAO DI CHEN,
individually and on behalf of all other employees similarly
situated,

Plaintiffs,

- against -

KOBE GRILL, CORP. d/b/a WASABI MODERN
JAPANESE CUISINE & LOUNGE, LI ZHONG CHEN
a.k.a " LEON CHEN", HENG QIAN LIN, DA HUI YE,
"JOHN DOE" and "JANE DOE" #1-10,

Defendants.

Case No.:

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiffs Sheng Jian Lin, Sheng Hui Lin and Chao Di Chen ( "Plaintiffs" collectively), on their own behalf and on behalf of all others similarly situated employees, by and through their undersigned attorneys, hereby file this complaint against Defendants, Kobe Grill, Corp. d/b/a Wasabi Modern Japanese Cuisine & Lounge, Li Zhong Chen a.k.a " Leon Chen", Heng Qian Lin, Da Hui Ye,  John Doe and Jane Does # 1-10 ("Does") (collectively "Defendants") allege and show the Court the following:

## NATURE OF THE ACTION

1. Plaintiffs allege, on behalf of themselves and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for work performed for which they received no compensation at all; (ii) unpaid minimum wages from defendants for work performed under 40 hours for which they did not

receive statutory minimum wage pay; (iii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law; (iv) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2. Plaintiffs further complain on behalf of themselves and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to: (i) unpaid wages from defendants for work performed for which they received no compensation at all; (ii) unpaid minimum and unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law; (iii) liquidated damages, costs, interest and attorneys' fees pursuant to the CMWA, <u>Conn. Gen. Stat. §§ 31-68</u>(a), <u>31-72</u>.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants KOBE GRILL, CORP., LI ZHONG CHEN a.k.a " LEON CHEN", HENG QIAN LIN, and DA HUI YE are subject to personal jurisdiction in the State of Connecticut.

## **THE PARTIES**

7.  Plaintiff Sheng Jian Lin was, at all relevant times, an adult individual residing in Suffolk County New York.

8.  Plaintiff Sheng Jian Lin was employed by Defendants from October 2, 2014 to November 29, 2015, he started working for the client even before Defendants' restaurant was open and helped with the restaurant's decoration and then continued to work at Defendants' Wasabi Modern Japanese Cuisine & Lounge as a Hibachi Chef.

9.  Plaintiff Sheng Hui Lin was, at all relevant times, an adult individual residing in Queens County New York.

10. Plaintiff Sheng Hui Lin was employed by Defendants from October 2, 2014 to November 29, 2015, he started working for the client even before Defendants' restaurant was open and helped with the restaurant's decoration and then continued to work at Defendants' Wasabi Modern Japanese Cuisine & Lounge as a Teriyaki Chef.

11. Plaintiff Chao Di Chen was, at all relevant times, an adult individual residing in Flushing, New York.

12. Plaintiff Chao Di Chen was employed by Defendants from March 27, 2015 to November 29, 2015 and worked as a Hibachi Chef at Defendant's Wasabi Modern Japanese Cuisine & Lounge.

13. Upon information and belief, Defendant Kobe Grill, Corp. d/b/a Wasabi Japanese Cuisine & Lounge is a company registered in Connecticut. Kobe Grill, Corp. is an owner and operator of Wasabi Modern Japanese Cuisine & Lounge located at 1155 Tolland Turnpike, Manchester, CT 06042. Kobe Grill, Corp. is at all relevant times an employer of Plaintiffs under state and federal law.

14. Upon information and belief, Defendant Li Zhong Chen a.k.a "Leon Chen" is an owner, officer, shareholder, and manager of Kobe Grill, Corp. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

15. Upon information and belief, Defendant Heng Qian Lin is an owner, officer, shareholder, and manager of Kobe Grill, Corp. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

16. Upon information and belief, Defendant Da Hui Ye is an owner, officer, shareholder, and manager of Kobe Grill, Corp.  Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

17. Upon information and belief, Defendants John Does and Jane Does #1-10 are as-yet unidentified owners, officers, shareholders, and managers of above restaurant.  Upon information and belief, at all times relevant to the allegations herein, they had the power to hire and fire employees at the restaurants, establish their wages, set their work schedules, and maintain their employment records.

18. During the times relevant to this Complaint, Defendants have employed more than thirty (30) employees and generated more than $500,000 in revenues every year from 2013 to the present.

19. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently,

Defendants are subject to the Fair Labor Standards Act.

20. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

21. Defendants employed the Plaintiffs as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since February 2013 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked, minimum wages, and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

23. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least thirty (30) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

24. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with

those members of this collective action.

25. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

26. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

    c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e.    whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.   whether Defendants should be enjoined from such violations of the FLSA in the future.

27. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

28. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

29. Plaintiffs bring their Connecticut Labor Law claims on behalf of all persons who are or were formerly employed by Defendants since February 2013 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the Connecticut Labor Law and have not been paid wages and overtime wages in violation of the Conn. Gen. Stat. §§ 31-68(a), 31-72 and Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit) (the "Class Members").

30. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of thirty (30) members of the Class during the Class Period.

31. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to

other available methods for the fair and efficient adjudication of the controversy--particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

32. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

33. Plaintiffs have committed themselves to pursuing this action and they have retained competent counsel experienced in employment law and class action litigation.

34. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

35. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    whether the Defendants employed the Class Members within the meaning of the Connecticut Labor Law;

    b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

    c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of Conn. Gen. Stat. §§ 31-68(a), 31-72;

    e.    whether Defendants' violations of Conn. Gen. Stat. §§ 31-68(a), 31-72 are willful;

f.     whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g.     whether Defendants should be enjoined from such violations of Conn. Gen. Stat. §§ 31-68(a), 31-72 in the future; and

h.     whether Defendants failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules as required by Conn. Gen. Stat. § 31-71f.

## STATEMENT OF FACTS

36. At all relevant times, the defendants operated Kobe Grill Corp. d/b/a Wasabi Modern Japanese Cuisine & Lounge at 1155 Tolland Turnpike, Manchester, CT 06042.

37. Upon information and belief, Defendants employ at least ten (10) employees at any one time in their restaurants. Plaintiffs and a large number of Defendants' other employees have not received their: (i) agreed-to wages; (ii) wages for all hours worked, including minimum wages; (iii) overtime pay as required by the Fair Labor Standards Act and CMWA, Conn. Gen. Stat. §§ 31-68(a), 31-72.

*PLAINTIFF SHENG JIAN LIN*

38. Plaintiff Sheng Jian Lin was employed by Defendants from October 2, 2014 to November 29, 2015.

From October 2, 2014 to March 27, 2015

39. During this period, Wasabi Modern Japanese Cuisine & Lounge was in pre-open decoration phase and Plaintiff Sheng Jian Lin's primary responsibility during this period was helping with restaurant's decoration such as applying the wall papers to the wall, arrange the lights

etc. Half of the time during this period Plaintiff Sheng Jian Lin worked six days a week and the other half of the time he worked seven days per week, his daily work hours normally lasted for twelve (12) hours with his schedule largely ran from 8:00 am to 8:00 pm per day subjected to Defendants' decoration arrangements and plans. Plaintiff thus worked seventy-two (72) hours in a six-workday-week and eighty-four (84) hours in a seven-workday-week.

40. During this period, Plaintiff Sheng Jian Lin was paid $110 per day by cash.

<u>From March 28, 2015 to November 29, 2015</u>

41. During this period Plaintiff Sheng Jian Lin worked as the main Hibachi Chef. He worked five and a half days each week, with the half work day always on Monday, Tuesday, Wednesday or Thursday. A full work day schedule for Monday through Thursday ran from 10:30 a.m. to 10:00 p.m., a full work day schedule for Friday and Saturday ran from 10:30 am to 11:00 pm and a full work day schedule for Sunday ran from 11:30 am to 10:00 pm.  The work schedule for a half work day ran from 4:00 pm to 10:00 pm. Very often Plaintiff Sheng Jian Lin actually worked full day on days he supposed to work only half day. Accordingly, even in a five-and-a-half-day workweek Plaintiff worked at least sixty-three and a half (63.50) hours and that would be sixty-nine (69) hours if he had to work full six days.

42. During the period from May 9, 2015 to September 19, 2015 Wasabi Modern Japanese Cuisine & Lounge hosted DJ event on each Saturday night until 2:00 am. During this period plaintiff would work until 2:00 pm on Saturday thus add another three (3) work hours to the work weeks during this period.

43.  Plaintiff Sheng Jian Lin was promised a fixed monthly salary of $4,000 to work as the main Hibachi chef. In fact, Plaintiff Sheng Jian Lin was paid each month partially by cash and partially by check. Plaintiff received $2,300 in check and $1,667 in cash for all the hours

worked for March and April of 2015, $2,000 in cash for hours he worked in May of 2015. Plaintiff Sheng Jian Lin did not receive any compensation for hours he worked for the month of June, July and August. For September's hours he worked, Plaintiff received $1,300 in check and $2,000 in cash. He only received $500 in cash for the hours worked in October and no compensation was paid for hours worked in November.

### PLAINTIFF ZHAO DI CHEN

44. Plaintiff Zhao Di Chen was employed as a Hibachi chef at Defendants' Wasabi Modern Japanese Cuisine & Lounge from March 27, 2015 to November 29, 2015.

45. Plaintiff regularly worked five and a half days each week, with the half work day always on Monday, Tuesday, Wednesday or Thursday. A full work day schedule for Monday through Thursday ran from 10:30 a.m. to 10:00 p.m., a full work day schedule for Friday and Saturday ran from 10:30 am to 11:00 pm and a full work day schedule for Sunday ran from 11:30 am to 10:00 pm.  The work schedule for a half work day ran from 4:00 pm to 10:00 pm. Accordingly, Plaintiff worked at least sixty-three and a half (63.50) hours and sixty-five and a half (65.30) hours the most per week.

46. At the time of his hire, Plaintiff Zhao Di Chen was promised to be paid a base monthly salary of $3,800 and an add-on payment of 7% of the income from the Hibachi tables. In fact, however, Plaintiff Zhao Di Chen only received a check of $1,200 for the following months: March, April, May, August, September and October. For the month of June and July, plaintiff received a check of $1,300 respectively and he did not receive any compensation for the month of November.  For all the months he worked for the Defendants, Plaintiff Chen received $1,500 cash bonus in total.

### PLAINTIFF SHENG HUI LIN

11

47. Plaintiff Sheng Hui Lin was employed by Defendants from October 2, 2014 to November 29, 2015.

From October 2, 2014 to March 27, 2015

48. During this period Wasabi Modern Japanese Cuisine & Lounge was in pre-open decoration phase and Plaintiff Sheng Hui Lin's primary responsibility during this period was helping with restaurant's decoration such as applying the wall papers to the wall, arrange the lights etc. During this period Plaintiff Sheng Hui Lin sometimes would work six days a week and sometimes seven days per week, his daily work hours normally lasted for twelve (12) hours with his schedule largely ran from 8:00 am to 8:00 pm per day subjected to Defendants' decoration arrangements and plans. Plaintiff thus worked seventy-two (72) hours in a six-workday-week and eighty-four (84) hours in a seven-workday-week.

49. During this period, Plaintiff Sheng Hui Lin was promised to be paid $110 per day, Plaintiff Sheng Hui Lin did not receive the promised compensation for all the days he worked.

From March 28, 2015 to November 29, 2015

50. Plaintiff started to work as the Teriyaki Chef and he normally worked six days a week with one day off on Monday or Tuesday, except Friday and Saturday Plaintiff's daily work schedule ran from 10:30 am to 10:00 pm for eleven and a half (11.50) hours per day. On Friday and Saturday, plaintiff worked from 10:30 am to 11:00 pm for twelve and a half (12.50) hours each day. Plaintiff thus worked at lease seventy-one (71) hours per week.

51. From May 09, 2015 to September 19, 2015, Wasabi Modern Japanese Cuisine & Lounge hosted DJ event on each Saturday night until 2:00 am. During this period plaintiff Sheng Hui Lin would work until at least 1: 30 pm on Saturday thus add at least two and half (2.50) extra work hours to the work weeks during this period.

52. Plaintiff Sheng Hui Lin was paid a fixed monthly salary of $800 half by cash and half by check. Plaintiff did not receive any compensation for hours he worked in November 2015.

53. Defendants willfully failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. §516.4.

54. Defendants, in contravention of Conn. Gen. Stat. §31-66, willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies Regs. § 31-62-El, and of regulations issued by the Labor Commissioner of the State of Connecticut.

55. Defendants, in contravention of Conn. Gen. Stat. §31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

56. Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

57. Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

58. The work performed by Plaintiffs required little skill and no capital investment.

59. Plaintiffs did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

**STATEMENT OF CLAIMS**

***FIRST CLAIM FOR RELIEF:***

### FAIR LABOR STANDARDS ACT

60. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

63. Upon information and belief, at all relevant times, the Corporate Defendants have each had gross revenues in excess of $500,000.

64. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiffs' written consent is attached hereto and incorporated by reference.

65. At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

66. Defendants willfully failed to pay its employees, including Plaintiffs and the Collective Action members,  the federal statutory minimum wage throughout his entire employment in violation of 29 U.S.C. § 206(a)(1).

67. As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 207(a) (1).

68. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §211(c).

69. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

70. Defendants are jointly and severally liable to all delivery workers for violations of their rights under federal law.

71. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF:

## CONNECTICUT WAGE AND HOUR LAW

72. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73. At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

74. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by

failing to pay them compensation for all hours worked, the state statutory minimum wage as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

75. Defendants willfully failed to distribute records of hours worked, earnings and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

76. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

77. Defendants willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies §31-62-E1 and of regulations issued by the Labor Commissioner of the State of Connecticut, in violation of Conn. Gen. Stat. §31-66.

78. Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. §31-71f.

79. Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. §31-71f.

80. Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. §31-51ii(a).

81. Because Defendants failed to post and keep posted a notice explaining Connecticut's Wage and Hour Law in conspicuous places in their establishment, so as to permit their employees to readily observe a copy, and because the Plaintiffs had no other knowledge, actual or constructive, of their rights under Connecticut Wage and Hour Law, Plaintiffs are entitled to

the equitable tolling of their Connecticut Wage and Hour Law claims.

82. As a result of these violations, all restaurant works suffered damages.

83. Defendants are jointly and severally liable to all restaurant workers for violations of their rights under state law.

84. Due to the Defendants' CMWA violations, Plaintiffs and the members of the Class are entitled to recover from Defendants twice amount of their unpaid wages, unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

### THIRD CLAIM FOR RELIEF:

### BREACH OF CONTRACT

85. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeats, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

86. Defendants collectively entered into oral, written, and/or implied contracts with delivery workers and each party's acceptance was supported by good and valuable consideration.

87. Plaintiffs fulfilled their contractual obligations by laboring for the benefit of Defendants.

88. Defendants breached the contracts with Plaintiffs by failing to pay contractually established wages for work performed by Plaintiffs.

89. Defendants' contracts with Plaintiffs implied payment of overtime wages, in accord with federal and state law.

90. Because of Defendants' breach of contract, Plaintiffs suffered from a loss of expected wages.

91. Plaintiffs are entitled to damages for Defendants' contract breaches for 6 years preceding the

filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

92. Plaintiffs are entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

### FOURTH CLAIM FOR RELIEF:

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

93. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

94. Defendants collectively entered into written and/or oral contracts with Plaintiffs and each party's acceptance was supported by good and valuable consideration.

95. Plaintiffs fulfilled their contractual obligations by laboring for the benefit of Defendants.

96. Defendants, in bad faith, denied Plaintiffs the benefit of the contract by failing to pay the contractually established wages.

97. Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiffs.

98. Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs suffered from a loss of expected wages.

99. Plaintiffs are entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

100.   Plaintiffs are entitled to monetary damages equal to the amount specified in contracts entered with Defendants, plus interest.

### FIFTH CLAIM FOR RELIEF:

### *UNJUST ENRICHMENT & QUANTUM MERUIT*

101. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

102. By laboring at Defendants' restaurants, Plaintiffs provided benefits to Defendants.

103. Plaintiffs expected to be compensated for the labor they provided to Defendants. Defendants' unjust failure to pay Plaintiffs wages for all labor performed constituted a distinct detriment to the Plaintiffs.

104. Accordingly, Plaintiffs are entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their

counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

e.  An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of wages for all hours worked at agreed-to wage rates as well as overtime compensation, minimum wages due under the FLSA and the CMWA;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

h.  An award of damages arising out of the non-payment of wages;

i.  An award of prejudgment and post-judgment interest;

j.  Award Plaintiffs compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of himself and the Collective Action Members, demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York  February 4,2016          HANG & ASSOCIATES, PLLC.

*S/JIAN HANG*
Jian Hang (ct29549)
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*