```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

------------------------------- x
SHENG JIAN LIN, SHENG HUI LIN,  :
and CHAO DI CHEN,               :
                                :
          Plaintiffs,           :   Civil No. 3:16-cv-184(AWT)
                                :
v.                              :
                                :
KOBE GRILL, CORP., LI ZHONG     :
CHEN, HENG QIAN LIN, DA HUI YE, :
JOHN DOE, JANE DOE #1-10, HENG  :
QIAN LIN, KOBE GRILL, CORP.,    :
                                :
          Defendants.           :
------------------------------- x
```

### ORDER RE MOTION TO DISMISS COUNTERCLAIMS

The plaintiffs bring claims for violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA") (First Claim for Relief); violation of the Connecticut Wage and Hour Law, Conn. Gen. Stat. § 31-58 et seq. (Second Claim for Relief); breach of contract (Third Claim for Relief); breach of the implied covenant of good faith and fair dealing (Fourth Claim for Relief; and unjust enrichment and quantum meruit (Fifth Claim for Relief). The defendants assert six counterclaims: fraud (Count 1), tortious interference with business relations (Count 2), conversion (Count 3), negligence (Count 4), breach of contract (Count 5), and civil conspiracy (Count 6). The plaintiffs move to dismiss these counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject

matter jurisdiction. For the reasons set forth below, the plaintiffs' motion is being denied.

A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Federal Rule of Civil Procedure 13 provides for the assertion of counterclaims, which can be either compulsory or permissive. With respect to compulsory counterclaims, Rule 13 provides that, barring two exceptions that are inapplicable to this case,

> (1) . . . A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>   (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>   (B) does not require adding another party over whom the court cannot acquire jurisdiction.

2

Fed. R. Civ. P. 13(a). A permissive counterclaim is "any claim that is not compulsory." Fed. R. Civ. P. 13(b). The defendants argue that their counterclaims are compulsory counterclaims and, even if they were not, they are permissible as permissive counterclaims. The court agrees.

"Whether a counterclaim is compulsory or permissive turns on whether the counterclaim 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim,' and this Circuit has long considered this standard met when there is a 'logical relationship' between the counterclaim and the main claim." Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004). This test does not require "an absolute identity of factual backgrounds" between the claims and counterclaims. Id. (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)). Rather, the "essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id. (quoting Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc., 233 F.3d 697, 699 (2d Cir. 2000)).

The gravamen of the plaintiffs' allegations is that the defendants failed to pay the plaintiffs contractually required wages and statutorily mandated overtime for their work at Wasabi Modern Japanese Cuisine & Lounge ("Wasabi"), owned and operated

3

by Kobe Grill, Corp. They also claim that the defendants manipulated payment schedules, failed to keep adequate records, and failed to provide employees with information regarding statutorily required compensation and employment practices. The plaintiffs' allegations relate to conduct that took place from October 2, 2014 to November 29, 2015.

On the other hand, the defendants allege that the plaintiffs had ownership interests in Kobe Grill Corp. and had management or control over the business, including the power to hire, fire, schedule, and pay employees. The defendants allege that the plaintiffs held themselves out as owners of Wasabi, pointing in particular to a police report in which the plaintiffs represented to the police that they were owners of Wasabi. The defendants further allege that the plaintiffs, <u>inter alia</u>, engaged in fraudulent schemes related to bookkeeping and the payment of wages, embezzled funds, behaved so unprofessionally as to disrupt Wasabi's business and destroy its good will, and attempted a hostile takeover of Wasabi. This behavior allegedly took place from August 15, 2014 to November 29, 2015. In their counterclaim for fraud, the defendants allege that in filing the instant lawsuit, the plaintiffs "materially mispresent[ed] their status as co-owners of Kobe Grill, Corp.[,]" "their status as not having any capital investment in Kobe Grill, Corp.[,]" and "their status as [not] having

4

managerial responsibilities at Kobe Grill, Corp." (Answer to Plaintiffs' Complaint (Doc. No. 14) ¶¶ 140-42.) Their claims for tortious interference with business relations, conversion, negligence, and breach of contract all relate to the plaintiffs' alleged behavior while serving in managerial roles at Wasabi and as co-owners of Kobe Grill Corp.

The court concludes that the defendants' counterclaims are logically related to the plaintiffs' claims and, thus, the court has jurisdiction over them as compulsory counterclaims. Both the plaintiffs' claims and the defendants' claims relate to the business operations of Wasabi and/or Kobe Grill Corp. including payment and wage practices, business management, ownership and control. For example, whereas the plaintiffs contend that they were underpaid as employees, the defendants contend that they are not entitled to overtime pay because they had an ownership interest in the restaurant, had managerial responsibilities, and defrauded the enterprise.

Even if the counterclaims were not compulsory, the court would have jurisdiction over them as permissive counterclaims. A district court has jurisdiction over permissive counterclaims provided that they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); see also Jones, 358 F.3d at

212. A district court may decline to exercise supplemental jurisdiction over permissive counterclaims if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. at 214 (quoting 28 U.S.C. § 1367(c)); see also id. ("where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values . . . [of] economy, convenience, fairness, and comity.")

In Jones, the court concluded that a counterclaim to collect on a loan was sufficiently related to a claim alleging race discrimination related to the terms of the loan. Here, the claims are even more closely connected because they arise out of the same nucleus of facts. Furthermore, the counterclaims raise no novel or complex issues of State law, the counterclaims do not substantially predominate over the plaintiffs' claims, the court has not dismissed claims over which it has original jurisdiction, and there are no other compelling reasons for the court to decline jurisdiction. Also, permitting litigation of the defendants' counterclaims in this case will promote the values of economy, convenience, fairness, and comity.

6

Accordingly, even if the defendants' counterclaims were not compulsory, they would be appropriate as permissive counterclaims.

The Plaintiffs' Motion to Dismiss Defendants' Counterclaims (Doc. No. 18) is hereby DENIED.

It is so ordered.

Signed this 17th day of August 2016, at Hartford, Connecticut.

/s/
Alvin W. Thompsons
United States District Judge
